C. FOSTER, ET AL., *v.* N. SIMMONS' ADM'R.

WESLEY PHELPS, ET AL., *v.* C. FOSTER, ET AL.

**Conveyance—Vendor's Lien.**

     Neither the vendor or his assignee will lose his lien by attempting to coerce payment at law, and although the judgment is satisfied by the execution of the replevin bond, the lien still exists until the debt is actually paid.

**Principal and Surety.**

     A surety on the replevin bond who pays off the lien is entitled to be substituted to the rights of the lien holder as against the principal debtor for whom he paid it.

APPEAL FROM BULLOCK CIRCUIT COURT.

October 12, 1878.

OPINION BY JUDGE PRYOR:

If Foster, as the surety of Samuel, saw that he was in danger of having the debt to pay, and of this he was warned by the issuing of the executions in his own county from time to time, it was his duty to have paid off the execution, and then the money could have been made by him out of the principal. An execution had been returned "no property found" as against the principal; and we think the execution, having been issued in the county where the surety resides and where the judgment was rendered within the seven years, prevented the running of the statute.

As to the appeal of Phelps the questions are more difficult of solution. It is certain that the vendor of the land or his assignee did not lose his lien by attempting to coerce payment at law, and although the judgment is satisfied by the execution of the replevin bond, and the judgment cannot be again reverted to until the debt is actually paid, the lien still exists.

It will not do to say that because the vendor prosecuted a remedy given him by law to collect his claim that he thereby forfeits his lien. It is the law that changed the character of the obligation, and not the vendor; and until his money is paid the mere prosecution of his action at law will not release the lien. See *Clark v. Hunt,* 3 J. J. Marsh. 553. Now in this case the lien existed although the debt has been replevied, and the party paying off the lien as surety in the replevin bond, or at the instance of the debtor, was certainly entitled to be substituted as against the party for whom he paid it. It is

maintained, however, in this case, that although the surety of Foster paid off the debt, he thereby extinguished the lien, and when he comes to ask payment of the principal and to enforce a lien on the same land his principal can claim a homestead, because he says to the surety "your paying the money for me has removed the encumbrances, and I hold it subject to no lien." There is certainly no equity in a rule like this, and the lien still exists. This debt had been paid by the surety prior to the levy of the Simmons execution, and before the mortgage was executed. It was in fact paid by a sale of the land made by the consent of Foster, and with the agreement that he should redeem it. When the execution was levied the sheriff had no interest in it, but became interested when the sale was made.

Here is a lien on the land unsatisfied, and the surety, Funk, liable for the lien debt. A sale of the land on which the lien exists is made by consent under an agreement that the owner might redeem, and the surety and sheriff makes the purchase and pays the money. Such a lien, we think, is prior to that of Simmons and Thompson, and no right to a homestead can be asserted against it. The cases of *Phelps v. Foster* and *Foster v. Simmons* have been heard together. The judgment in the case of *Foster v. Simmons* is *affirmed,* and in the case of *Phelps v. Foster* is *reversed* and cause remanded for further proceedings.

*J. W. Croon, W. R. Thompson, for Foster.*

*R. H. Field, for Phelps.    R. J. Meyler, for Simmons's Adm'r.*